UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. |
| **MICHAEL RYAN** | **17-10436** |
| **TIFFANY NICOLE RYAN** | SECTION A |
| DEBTORS | CHAPTER 13 |

### REASONS FOR DECISION

The Motion for Sale of Naked Ownership of Property[1] filed by Michael and Tiffany Ryan ("Debtors") came before the Court on July 30, 2019. At the conclusion of the hearing, the Court took the matter under advisement.

**I. Facts**

Debtor's father died intestate. Debtor's mother owns half of the former community property ("Property"). She has a legal usufruct over the other half,[2] and Debtor and his three (3) siblings are the naked owners.[3]

In 2015, a judgment was entered in favor of Main Street Acquisition Corp. ("Main Street") against Debtor for a deficiency balance on a repossessed vehicle. Main Street filed the judgment of record which created a judicial lien on the Property. Main Street filed Proof of Claim 25 in Debtor's bankruptcy case for the unsecured amount of $9,068.72.

The usufructuary wishes to sell the Property. Debtor requests permission join in the sale in order to transfer full title to the new owner. The issue before the Court is whether the Property can be sold and whether proceeds of the sale must be used to satisfy Main Street's lien.

---

[1] P-31.

[2] La. C.C. Art. 890.

[3] La. C.C. Art. 478, 880, 888.

## II. Law and Analysis

Louisiana law provides that a naked owner cannot affect the usufruct.[4] When property subject to a usufruct is sold, "the usufruct attaches to the money or other property received by the usufructuary."[5]

Main Street has a judgment against Debtor, and its lien attaches only to Debtor's one-sixth naked ownership interest in the Property. However, Main Street filed an unsecured proof of claim. This is an admission against interest that it has no security interest in Debtor's property.

In *Watson v. Federal Land Bank of Jackson*,[6] plaintiffs parents executed a mortgage in favor of Prudential Insurance Co. ("Prudential") on her father's separate property. Her father died testate. His will granted a usufruct to her mother, and his four children each received a one-fourth naked ownership.

After the judgment of possession was entered, the defendant received a money judgment against three of the naked owners, but not plaintiff. Prudential foreclosed on the property. Its mortgage was paid from the sale proceeds, and the remainder was paid to defendant to satisfy the judgments against three of the naked owners. Plaintiff sued to recover the funds.

The Court ruled that the usufruct attached to the sale proceeds after payment to Prudential, and defendant had to return the funds. The Court found that the creditor of the naked owners was protected by La. C.C. Art. 618, which provides that a "naked owner may demand, within one year

---

[4] La. C.C. Art. 603 (A naked owner can sell or mortgage his naked ownership, but cannot affect the usufruct).

[5] La. C.C. Art. 616.

[6] *Watson v. Federal Land Bank of Jackson*, 606 So.2d 920 (La.App. 3 Cir. 1992).

from receipt of the proceeds by the usufructuary that the usufructuary give security for the proceeds."

> Creditors of the naked owner may seize, and a purchaser may demand delivery of, the naked ownership, but these persons may have the full ownership only after termination of the usufruct.[7]

### III. Conclusion

For the reasons assigned above, the Court will grant the Motion for Permission to Sell Naked Ownership. The proceeds of the sale are subject to the usufruct and shall be remitted at sale to the usufructuary, not Main Street.

New Orleans, Louisiana, August 8, 2019.

Hon. Elizabeth W. Magner
U.S. Bankruptcy Judge

---

[7] Acts of Disposition, 3 La. Civ. L. Treatise, Personal Servitudes § 5.3 (5th ed.) (citations omitted).